# EXHIBIT "A"

Gary Michael Smith, #015347
SMITH PAKNEJAD PLC
Scottsdale Norte Building
11333 North Scottsdale Road, Suite 207
Scottsdale, Arizona 85254-5192
☎ 480-428-0522 ☐ 888-552-8524
smith@phxlawfirm.com
Attorney for Plaintiff

**SUPERIOR COURT**
**MARICOPA COUNTY, ARIZONA**

Kristine Gayan-Esones,

    Plaintiff,

v.

Healthcare Collection, Inc.; Healthcare
Collections- I, L.L.C.; Paul R. Peach and
Jane Doe Peach; Christian Lehr and Jane
Doe Lehr;  Maggie and Kate, LLC; XYZ
Bond Company;

    Defendants.

No. CV2014-053759

**SUMMONS**

THE STATE OF ARIZONA TO THE DEFENDANT(S):

| Healthcare Collection, Inc. | Healthcare Collections- I, L.L.C. |
|---|---|
| c/o Larry Bird | c/o Richard A. Kobasic, CPA |
| Statutory Agent | Statutory Agent |
| 13845 N 19th Ave, Phoenix, AZ 85023 | 5225 N Central Ave, Ste 220 |
|  | Phoenix, AZ 85012 |
| **Paul R. Peach and Jane Doe Peach** | **Christian Lehr and Jane Doe Lehr** |
| 2224 W Northern Ave, Suite D-100 | 2224 W Northern Ave, Suite D-100 |
| Phoenix, AZ  85021 | Phoenix, AZ  85021 |
| OR | OR |
| 2846 E Desert Cove Ave | 2258 E Heston Dr |
| Phoenix, AZ 85028 | Phoenix, AZ 85024 |
| **Maggie and Kate, LLC** | **XYZ Bond Company** |
| c/o Richard A. Kobasic, CPA |  |
| Statutory Agent |  |
| 5225 N Central Ave, Ste 220 |  |
| Phoenix, AZ 85012 |  |

    YOU ARE HEREBY SUMMONED and required to appear and defend the attached
Complaint within the time applicable in this action in this Court.  If served within
Arizona, you shall appear and defend within 20 days after the service of this Summons





Gary Michael Smith 016307
SMITH PAKNEJAD PLC
Scottsdale Norte Building
11333 North Scottsdale Road, Suite 200
Scottsdale, Arizona 85254-5192
☎ 480-428-0524 🖷 888-552-8529
smith@phxlawfirm.com
Attorney for Plaintiff

JUL 1 2014
MICHAEL K. JEANES, CLERK
E. CROWELL
DEPUTY CLERK

## SUPERIOR COURT
## MARICOPA COUNTY, ARIZONA

Kristine Gayan-Esones,

    Plaintiff,

v.

Healthcare Collection, Inc.; Healthcare
Collections- I, L.L.C.; Paul R. Peach and
Jane Doe Peach; Christian Lehr and Jane
Doe Lehr;  Maggie and Kate, LLC; XYZ
Bond Company;

    Defendants.

No. CV2014-053759

### VERIFIED COMPLAINT

    Kristine Gayan-Esones, for her complaint, alleges:

### GENERAL ALLEGATIONS

### The Parties and Jurisdiction

    1.    Kristine Gayan-Esones is an individual and resident of Maricopa County, Arizona.

    2.    Healthcare Collection, Inc. is an Arizona entity that participated in the matters discussed in this complaint.

    3.    Healthcare Collections- I, L.L.C. is an Arizona entity that participated in the matters discussed in this complaint.

    4.    Paul R. Peach and Jane Doe Peach, upon information and belief, are husband and wife and residents of Maricopa County. Jane Doe Peach is a fictitious name for the wife of Paul R. Peach. Plaintiff reserves the right to amend this Complaint to insert her true name when ascertained.

5.     Upon information and belief, Paul R. Peach is an owner and officer of Healthcare Collection, Inc. and of Healthcare Collections- I, L.L.C.

6.     Upon information and belief, Paul R. Peach is an owner and officer of Maggie and Kate, LLC.

7.     At all times relevant to this complaint, Paul R. Peach was acting for on behalf of Healthcare Collection, Inc., Healthcare Collections- I, L.L.C., Maggie and Kate, LLC, for his personal interest, and on behalf of his marital community.

8.     Christian Lehr and Jane Doe Lehr, upon information and belief, are husband and wife and residents of Maricopa County.  Jane Doe Lehr is a fictitious name for the wife of Christian Lehr. Plaintiff reserves the right to amend this Complaint to insert her true name when ascertained.

9.     Upon information and belief, Christian Lehr is an owner and officer of Healthcare Collection, Inc. and of Healthcare Collections- I, L.L.C.

10.     Upon information and belief, Christian Lehr is an owner and officer of Maggie and Kate, LLC.

11.     At all times relevant to this complaint, Christian Lehr was acting for on behalf of Healthcare Collection, Inc., Healthcare Collections- I, L.L.C., Maggie and Kate, LLC, for his personal interest, and on behalf of his marital community

12.     Maggie and Kate, LLC, upon information and belief, is a member of Healthcare Collections- I, L.L.C.

13.     XYZ Bond Company is a fictitious name for the surety(ies) who may have issued collection agent bonds to any of the other-named defendants to this action. Plaintiff reserves the right to insert their true name(s), when ascertained.

*All of the aforementioned defendants, <u>excluding</u> XYZ Bond Company, are hereinafter referred to as "The Defendants."*

14.     All matters alleged in this complaint occurred within Maricopa County, Arizona.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

15.    This Court has concurrent jurisdiction over the below-described Federal statutory causes of action, pursuant to 15 U.S.C. § 1681 et seq., the "Fair Credit Reporting Act (FCRA) and 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act."

16.    Upon information and belief, defendants Peach and Lehr were using Healthcare Collection, Inc. and/or Healthcare Collections- I, L.L.C. as an instrumentality and/or failed to follow corporate formalities, thereby justifying disregard of the corporate fiction (i.e., veil piercing) in favor of personal liability against these individuals for the acts herein alleged.

### The Events

17.    Ms. Gayan-Esones, divorced since 1994, is a single mother.

18.    On or about August/September 2007 Ms. Gayan-Esones incurred a debt, arising from medical services rendered to her minor daughter at John C. Lincoln Hospital.

19.    In August 2011, Ms. Gayan-Esones filed for Chapter 7 bankruptcy in the United States District Court, District of Arizona case No. 2:11-bk-23328-CGC.

20.    Ms. Gayan-Esones received a discharge in her bankruptcy in December 2011.

21.    The aforementioned medical bill was discharged in Ms. Gayan-Esones' bankruptcy.

22.    The John C. Lincoln Hospital debt was expressly listed in Ms. Gayan-Esones' bankruptcy schedules, and its servicing agent's name was listed in the bankruptcy master mailing matrix.

23.    In April 2014, Ms. Gayan-Esones applied for a position as an insurance agent for State Farm Insurance.

24.    Ms. Gayan-Esones had formerly worked in banking and insurance.

25.    Ms. Gayan-Esones' past experience as an insurance agent provided her with a 6-figure income.

SMITH PAKNEJAD

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

26.     Ms. Gayan-Esones was/is also qualified as a holder of certain securities dealer licenses.

27.     The April 2014 position for which Ms. Gayan-Esones applied included a salaried training period, plus a $30,000 sign-on bonus, plus a $60,000 office start-up advance.

28.     Additionally, Ms. Gayan-Esones qualified to operate immediately an existing State Farm agency, due to her past experience.

29.     As part of her application process with State Farm, Ms. Gayan-Esones kept current (at her own expense) her insurance-relevant licenses.

30.     Ms. Gayan-Esones also took and passed State Farm's online assessments.

31.     Ms. Gayan-Esones also was subject to an interview process, which she likewise passed.

32.     Ms. Gayan-Esones was next subject to a background check.

33.     Since it is a requirement for Series 6/63 licensees to have 24 months clean credit report, Ms. Gayan-Esones assumed there not to be any issues with her application, as her bankruptcy was discharged more than 24 months earlier, and the seven-year-old John C. Lincoln debt was not – to her knowledge at the time - showing up on her credit reports as due or delinquent.

34.     Additionally, Ms. Gayan-Esones had taken pains to make sure that her credit remained spotless and that there she had no unmet credit obligations.

35.     In fact, Ms. Gayan-Esones was so diligent about protecting her credit that she subscribed to Credit Karma (a credit notification service) to notify her if any changes occurred on her credit.

36.     However, Credit Karma deals only with Trans Union and not all 3 major credit bureaus. At the time Ms. Gayan-Esones subscribed to Credit Karma, she did not realize the possibility that certain creditors would fail to cross-report to all three major credit bureaus.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

37.     On or about 08 May 2014, Ms. Gayan-Esones received from State Farm a notification of the result of her background investigation.

38.     On that report was notice that Healthcare Collection, Inc. had reported to Experian in December 2013 an open collection account for $3,659.00 for the John C. Lincoln debt.

39.     Healthcare Collection, Inc. identified this debt as its property under account No. R29028, and claimed it to be "PAST DUE" as of May 2014.

40.     More telling, Healthcare Collection, Inc. first reported the debt in December 2013, and noted it to be in "COLLECTION".

41.     Healthcare Collection, Inc. reported this, in spite of the facts that: (A) the debt's statute of limitations had already expired; and (B) the debt had been discharged in bankruptcy years earlier.

42.     Even though Ms. Gayan-Esones had otherwise qualified for the State Farm agency, the presence of this item on her credit report was an absolute disqualification for employment.

43.     So, Ms. Gayan-Esones immediately contacted State Farm, and was instructed that she would have 30 days to resolve the credit issue.  Otherwise, per State Farm, Ms. Gayan-Esones would be ineligible to be considered for employment as an Agent.

44.     Ms. Gayan-Esones immediately contacted State Farm's verification company, Business Information Group, and was instructed that once she resolved this issue to notify them and they could do a re-verification process and have that sent to State Farm.

45.     So, Ms. Gayan-Esones contacted Healthcare Collection, Inc. and explained to the representative that the debt was discharged in 2011 and that she would send a letter to have this corrected.

46.     Ms. Gayan-Esones sent her promised letter.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

47. Additionally, Ms. Gayan-Esones submitted an online dispute to Experian.

48. Presumably complying with the Federal Fair Credit Reporting Act, Experian contacted Healthcare Collection, Inc. and then concluded it's dispute investigation with the debt still being reported as an open and due debt.

49. So, Ms. Gayan-Esones sent another letter on 04 June 2014 to Healthcare Collection, Inc.

50. Since Healthcare Collection, Inc. failed to correct the erroneous credit reporting, Ms. Gayan-Esones was unable to meet State Farm's 30 day deadline and was force-withdrawn from the State Farm hiring process.

51. But for the errant credit reporting by Healthcare Collection, Inc., Ms. Gayan-Esones would have been awarded the State Farm agency.

52. Ms. Gayan-Esones sent a third letter Healthcare Collection, Inc., on 14 June 2014.

53. To date, Healthcare Collection, Inc. has made no response and has not corrected Ms. Gayan-Esones' credit report.

54. Since then, Ms. Gayan-Esones has learned that per records of the Arizona Corporation Commission, Healthcare Collection, Inc. was administratively dissolved on 19 April 2010, for failure to file an annual report.

55. There also exists Healthcare Collections-I, LLC, which was created in 2003.

56. Upon information and belief, the defendants were using Healthcare Collection, Inc. as a front for Healthcare Collections-I, LLC.

57. Healthcare Collections-I, LLC shows ownership in common with Healthcare Collections-I, LLC, namely Messrs. Peach and Lehr, both of whom are managers of Healthcare Collections-I, LLC.

58. Further, the Arizona Department of Financial Institutions regulates collection agencies.

59.     Under Arizona law, debt collection agencies are required to be registered with the Arizona Department of Financial Institutions.

60.     However, Healthcare Collection, Inc. is NOT registered with the Arizona Department of Financial Institutions.

61.     Per the Federal Fair Debt Collection Practices Act, the placement of a debt onto a person's credit report is an act of debt collection.

62.     Healthcare Collections-I, LLC openly advertises that it collects healthcare receivables, and it is registered with the Arizona Department of Financial Institutions (License No. 0905656).

63.     The defendants' attempts at collecting an invalid debt against Ms. Gayan-Esones constitute improper collection practices in direct violation of the Fair Debt Collection Practices Act ("FDCPA") and the Federal Trade Commission Act ("FTCA"). 15 U.S.C. § 1692, *et.seq.*

64.     Furthermore, the defendants' conduct is in violation of Chapter 9 of the Arizona Professions and Occupations Code, and in particular, A.R.S. § 32-1051(3).

65.     Under A.R.S. § 32-1022, the defendants are required to maintain a bond (or alternative deposit as provided for in A.R.S. § 32-1022(D)).

66.     Upon information and belief, Healthcare Collection, Inc. maintains no such bond or deposit.

67.     For lack of information or belief, it is unknown whether Healthcare Collections-I, LLC maintains the required statutory bond.

68.     As Healthcare Collection, Inc. lacks an Arizona collection agent license, its action of placing a derogatory mark on Ms. Gayan-Esones' credit report constitutes a criminal act in violation of A.R.S. § 32-1055(A) and A.R.S. § 32-1056.

69.     Likewise, the defendants' collection and credit reporting activities are in direct violation of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et.seq.* and in violation of the Arizona Consumer Reporting Agencies Act, A.R.S. § 44-1691, *et.seq.*

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

70.     The defendants' collection and credit reporting activities give rise to Ms. Gayan-Esones' rights to pursue damages against the defendants, as well as against its individual agents. 15 U.S.C. § 1692k(a).

71.     Ms. Gayan-Esones is a "consumer" as defined by 15 U.S.C. § 1692a(3).

72.     Ms. Gayan-Esones is entitled to general damages.

73.     Ms. Gayan-Esones is entitled to special damages.

74.     Ms. Gayan-Esones is entitled to consequential damages.

75.     Ms. Gayan-Esones is entitled to punitive damages

76.     Ms. Gayan-Esones is entitled to attorney fees.

77.     Ms. Gayan-Esones is entitled to taxable costs.

78.     Ms. Gayan-Esones is entitled to non-taxable costs.

79.     Ms. Gayan-Esones is entitled to expert witness fees.

80.     Ms. Gayan-Esones is entitled to litigation-related expenses.

## COUNT ONE - ALTER EGO / VEIL PIERCING
### (DECLARATORY RELIEF)

Ms. Gayan-Esones realleges the previous allegations and further alleges:

81.     At all times relevant to this complaint, the entity defendants were the alter egos of each other and the individual defendants.

82.     Upon information and belief, the entity defendants and the individual defendants used the entity forms as part of a scheme to perpetuate fraud.

83.     The business of the entity defendants was not conducted on a corporate basis.

84.     At all relevant times, there existed such a unity of interest and ownership that the separate personalities of the entity defendants and their owners, the individual defendants, ceased to exist.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

85.     Under the law, Ms. Gayan-Esones is entitled to declaration from this Court that the entity defendants may be disregarded, holding the principals of those entities liable for the matters herein alleged.

## COUNT TWO – VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

Ms. Gayan-Esones realleges the previous allegations and further alleges:

86.     The defendants violated the FDCPA.

87.     15 U.S.C. § 1692e(8) makes it a violation for a debt collector to communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

88.     The term "communication" is given a very broad definition in the FDCPA.

89.     It means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

90.     The FDCPA covers the activities of "debt collectors."

91.     15 U.S.C. § 1692a(6) defines a debt collector as any person who uses interstate commerce in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed to another. See 15 U.S.C. § 1692a.

92.     Reporting a debt to a credit reporting agency is a communication in connection with the collection of a debt, and the reporting of such a debt in violation of the provisions of § 1692e(8) subjects a debt collector to liability under the FDCPA.

93.     The defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f(1), by falsely representing the debt amount.

94.     The defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by using deceptive means to attempt to collect a debt, namely by falsely representing that Ms.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

Gayan-Esones was obligated to repay the debt, when in fact the debt was extinguished by operation of law.

95.    The defendants violated 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(4), and 15 U.S.C. § 1692f(6) by attempting to collect a debt discharged by operation of law.

96.    The defendants violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f by attempting to collect on a time barred debt.

97.    As a result of the above violations of the FDCPA, the defendants are liable for Ms. Gayan-Esones' actual damages, statutory damages of $1,000.00, and costs and attorney's fees.

## COUNT THREE – VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT

Ms. Gayan-Esones realleges the previous allegations and further alleges:

98.    The defendants violated the FCRA.

99.    The Fair Credit Reporting Act ("FCRA") is a consumer protection act that requires consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit." 15 U.S.C. § 1681(b).

100.    The FCRA provides for a private right of action to consumers to enforce the procedures outlined in the act. 15 U.S.C. §§ 1681n & 1681o.

101.    The FCRA was also amended in 1997 to cover "furnishers of information" as well as consumer reporting agencies. See 15 U.S.C. § 1681s-2.

102.    The FCRA also prohibits the furnishing of inaccurate information to consumer reporting agencies, if the information is known to be inaccurate or if the furnisher consciously avoids knowing that the information is inaccurate. See 15 U.S.C. § 1681s-2(a)(1)(A).

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

103.   In addition, if a furnisher of information receives notice from a consumer reporting agency that the information reported to that agency has been disputed, certain duties are triggered.

104.   Upon such notice, the furnisher has a duty to conduct an investigation with respect to the disputed information, to review all relevant information provided by the agency, and to report the results of the investigation to the agency. 15 U.S.C. 5 1681s-2(b)(1).

105.   If the furnisher determines that the information provided was, in fact, incomplete or inaccurate, the furnisher must report those results to the other consumer reporting agencies to which the information had been sent. 15 U.S.C. § 1681S-2(b).

106.   The defendants are entity(ies) who, upon information and belief, regularly and in the course of business, furnish information to one or more consumer reporting agencies about their transactions or experiences with consumers and therefore are "furnishers," as codified at 15 U.S.C. § 1681s-2.

107.   Ms. Gayan-Esones notified the defendants of her disputes.

108.   The defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Ms. Gayan-Esones disputes.

109.   Upon information and belief, and at all times relevant, the defendants failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Ms. Gayan-Esones' credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

110.   Upon information and belief, the defendants failed to conduct a proper and lawful reinvestigation.

111.   The defendants are reporting derogatory information about Ms. Gayan-Esones to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

112.    Ms. Gayan-Esones has disputed the accuracy of the derogatory information reported by the The defendants to the Consumer Reporting Agency.

113.    The the defendants have not responded to Ms. Gayan-Esones' dispute by providing evidence of the alleged debt to Ms. Gayan-Esones nor to the Consumer Reporting Agency.

114.    The defendants have not provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice.

115.    The defendants failed to comply with 15 U.S.C. § 1692g in that they have not within 5 days of Ms. Gayan-Esones' initial communication (nor at any other time) sent Ms. Gayan-Esones written documentation of the amount of the debt, the name of the original creditor nor other information required by the Fair Credit Reporting Act.

116.    The defendants failed to complete an investigation of Ms. Gayan-Esones' written dispute and provide the results of an investigation to Ms. Gayan-Esones within the 30 day period as required by 15 U.S.C. § 1681s-2.

117.    The defendants have not notified Ms. Gayan-Esones of any determination that Ms. Gayan-Esones' dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

118.    All actions taken by the defendants were done with malice, were done willfully, and were done with either the desire to harm Ms. Gayan-Esones and/or with the knowledge that their actions would very likely harm Ms. Gayan-Esones and/or that their actions were taken in violation of the FCRA and state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and state law.

119.    All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

120.    As a result of the above violations of the FCRA, the defendants are liable for Ms. Gayan-Esones' actual damages, statutory damages of $1,000.00, and costs and attorney's fees.

## COUNT FOUR - DECLARATORY RELIEF
### A.R.S. § 12-1831, ET.SEQ.

Ms. Gayan-Esones realleges the previous allegations and further alleges:

121.    Ms. Gayan-Esones is a person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise.

122.    Ms. Gayan-Esones has a question of validity arising under statute.

123.    Ms. Gayan-Esones has a statutory right to have this Court make a declaration of rights, to wit: her status as a consumer, as that terms is defined under Federal statute; the status of the defendants as debt collectors, as that terms is defined under Federal statute; and whether the defendants violated Ms. Gayan-Esones' consumer rights.

124.    Ms. Gayan-Esones is also entitled to further relief based on a declaratory judgment or decree may be granted.

125.    Such further relief is necessary and proper.

126.    Per authority of A.R.S. § 12-1838, the defendants should be made to show cause why further relief should not be granted forthwith.

127.    Pursuant to A.R.S. § 12-1840, Ms. Gayan-Esones is entitled to an award of costs.

## COUNT FIVE - DEFAMATION

Ms. Gayan-Esones realleges the previous allegations and further alleges:

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

128.   The defendants published statements about Ms. Gayan-Esones to third person(s).

129.   The defendants' statements were false.

130.   The defendants' statements brought Ms. Gayan-Esones into disrepute.

131.   The defendants' statements brought Ms. Gayan-Esones into contempt.

132.   The defendants' statements brought Ms. Gayan-Esones into ridicule.

133.   The defendants' statements impeached Ms. Gayan-Esones' honesty.

134.   The defendants' statements impeached Ms. Gayan-Esones' integrity.

135.   The defendants' statements impeached Ms. Gayan-Esones' virtue.

136.   The defendants' statements impeached Ms. Gayan-Esones' reputation.

137.   The defendants' statements injured Ms. Gayan-Esones in his or her profession, trade or business and thus is defamatory per se.

138.   The defendants' statements are the cause of Ms. Gayan-Esones' presumptive damages.

139.   The defendants' statements are the cause of Ms. Gayan-Esones' actual damages.

## COUNT SIX - INVASION OF PRIVACY: FALSE LIGHT

Ms. Gayan-Esones realleges the previous allegations and further alleges:

140.   The defendants published matters concerning Ms. Gayan-Esones to third person(s).

141.   The The defendants' publications brought Ms. Gayan-Esones before the public in a false light

142.   The The defendants' statements were highly offensive to Ms. Gayan-Esones'.

143. The defendants' statements would be considered highly offensive to a reasonable person.

144. The defendants had actual knowledge they were making the statements at the time they made them.

145. Nonetheless, the defendants acted in reckless disregard as to the falsity of the publicized matter and the false light in which they placed Ms. Gayan-Esones'.

146. The defendants' conduct was extreme

147. The defendants' conduct was outrageous.

148. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a).

149. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a).

150. The defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Ms. Gayan-Esones, namely, by unlawfully attempting to collect a debt and/or placing false data on Ms. Gayan-Esones' credit report and thereby invaded Ms. Gayan-Esones' privacy.

151.   The defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Ms. Gayan-Esones by engaging in highly offensive conduct in the course of credit reporting, thereby invading and intruding upon Ms. Gayan-Esones's right to privacy.

152.   Ms. Gayan-Esones had a reasonable expectation of privacy in Ms. Gayan-Esones' solitude, seclusion, private concerns or affairs, and private financial information.

153.   The conduct of the defendants and their agents, in engaging in the above-described illegal collection conduct against Ms. Gayan-Esones, resulted in multiple intrusions and invasions of privacy by the defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

154.   The false credit reporting by the defendants naturally resulted in invasions of privacy of Ms. Gayan-Esones.

155.   As a result of all intrusions and invasions of privacy, Ms. Gayan-Esones is entitled to actual damages in an amount to be determined at trial from the defendants.

156.   All acts of the defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such, the defendants are subject to punitive damages.

157.   The defendants' statements are the cause of Ms. Gayan-Esones' presumptive damages.

158.   The defendants' statements are the cause of Ms. Gayan-Esones' actual damages.

## COUNT SEVEN – NEGLIGENCE

Ms. Gayan-Esones realleges the previous allegations and further alleges:

159.   The Defendants owed Ms. Gayan-Esones a general duty of care.

160.   Such general duty of care extended to the defendants' activities in reporting or disseminating credit information.

161.    Such general duty of care extended to the Defendants' contact and treatment of Ms. Gayan-Esones.

162.    The defendants breached this general duty of care under the facts set forth in this complaint.

163.    As a direct and proximate result of their breach of this duty, the Defendants caused damage to Ms. Gayan-Esones as set forth in this complaint.

### COUNT EIGHT - NEGLIGENT SUPERVISION

Ms. Gayan-Esones realleges the previous allegations and further alleges:

164.    The Defendants had a duty to supervise properly its agents and personnel.

165.    Such duties of supervision included, but were not limited to ensuring that the defendants' employees and agents conducted themselves in a lawful and appropriate manner at all relevant times.

166.    The defendants breached their duties to Ms. Gayan-Esones.

167.    The defendants' breaches of these duties were both the direct and proximate cause of the damages incurred by Ms. Gayan-Esones.

168.    As a result of the defendants' breaches, Ms. Gayan-Esones incurred the damages as herein alleged.

169.    The defendants allowed and encouraged their agents and employees to break the law.

170.    The defendants are aware of the wrongful conduct of their agents and employees.

171.    The defendants know and approve of their incompetent employees and agents who are involved in credit reporting.

172.    The defendants negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent credit reporting individuals and/or entities, who were allowed or encouraged to violate the law as was done to Ms. Gayan-Esones', and

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

the defendants are thereby responsible to the Ms. Gayan-Esones for the wrongs committed against Ms. Gayan-Esones and the damages suffered by Ms. Gayan-Esones'.

## COUNT NINE
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

Ms. Gayan-Esones realleges the previous allegations and further alleges:

173.    Ms. Gayan-Esones had and have ongoing employment expectancies.

174.    The defendants have knowledge that employers use credit reports as part of their employment vetting process.

175.    The defendants knew or and were cognizant of the fact that their actions of erroneous credit reporting could impair consumers' employment status and employment opportunities, such as Ms. Gayan-Esones.

176.    The defendants interfered with these relationships by inducing or causing a breach or termination of Ms. Gayan-Esones' expectancy.

177.    The defendants' interference caused Ms. Gayan-Esones' damages through disruption of Ms. Gayan-Esones expectancies.

178.    The defendants' conduct was improper.

## COUNT TEN
### PERMANENT INJUNCTIVE RELIEF

Ms. Gayan-Esones realleges the previous allegations and further alleges:

179.    By engaging in the above-described acts, the defendants are acting contrary to the interests of Ms. Gayan-Esones.

180.    The Defendants' continued attempts at collection and placement on her credit report of false information poses a continuing threat to Ms. Gayan-Esones' well-being.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

181.    Ms. Gayan-Esones is without an adequate remedy at law to compensate for the defendants' wrongful acts.

Ms. Gayan-Esones are entitled to injunctive relief directing the defendants to cease all collection activity, to cease violating the FDCPA, to cease violating the FCRA, and to remove the derogatory marks from her credit report.

### COUNT ELEVEN
### STATUTORY VIOLATION OF CHAPTER 9 OF THE ARIZONA
### PROFESSIONS AND OCCUPATIONS CODE – A.R.S. § 32-1001, ET. SEQ.

Ms. Gayan-Esones realleges the previous allegations and further alleges:

182.    By engaging in the above-described acts, the defendants are in violation of Chapter 9 of the Arizona Professions and Occupations Code.

183.    Chapter 9 is a consumer protection statute.

184.    Ms. Gayan-Esones is part of the class of persons for whose benefit these statutes were enacted.

185.    This implied cause of action supports the underlying remedial scheme set down in the statute.

186.    In fact, violation of these statutes is an actual criminal act.

187.    The defendants' violation of these statutes is the direct and proximate cause of Ms. Gayan-Esones' injuries, as herein alleged.

### COUNT TWELVE
### STATUTORY VIOLATION OF THE ARIZONA CONSUMER REPORTING
### AGENCIES AND FAIR CREDIT REPORTING ACT – A.R.S. § 44-1691, ET. SEQ.

Ms. Gayan-Esones realleges the previous allegations and further alleges:

188.    By engaging in the above-described acts, the defendants are in violation of Chapter 9 of the Arizona Professions and Occupations Code.

189.    The Consumer Reporting Agencies and Fair Credit Reporting Act is a consumer protection statute.

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

190.    Ms. Gayan-Esones is part of the class of persons for whose benefit these statutes were enacted.

191.    This implied cause of action supports the underlying remedial scheme set down in the statute.

192.    In fact, violation of these statutes is an actual criminal act.

193.    The defendants' violation of these statutes is the direct and proximate cause of Ms. Gayan-Esones' injuries, as herein alleged.

## COUNT THIRTEEN -EXEMPLARY DAMAGES

Ms. Gayan-Esones realleges the previous allegations and further alleges:

194.    The conduct of each of the defendants was knowingly malicious, wanton, and willful.

195.    The conduct of the defendants equates with that of an evil hand guided by an evil mind, thus justifying an award of exemplary damages.

## COUNT FOURTEEN – BOND CLAIM

Ms. Gayan-Esones realleges the previous allegations and further alleges:

196.    XYZ Bond Company is the issuer of a collection agent bond(s) in which one or more of the defendants are the bond principal.

197.    Ms. Gayan-Esones is a member of the public to whom the benefits of such bond flow.

198.    Based upon the facts alleged herein, and based upon the damages suffered, Ms. Gayan-Esones is entitled to an order directing payment of the bond(s), in such denomination as determined by the Court, to Ms. Gayan-Esones.

WHEREFORE, Ms. Gayan-Esones prays for judgment as follows:

a.    For all Ms. Gayan-Esones' damages in such amount to be proven at trial;

b.    For $1,000.00 statutory damages, pursuant to 15 U.S.C. § 1692k;

c.    For $1,000.00 statutory damages, pursuant to 15 U.S.C. § 1681a;

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

SMITH PAKNEJAD

d.  For all of Ms. Gayan-Esones' attorney's fees and litigation related expenses pursuant to A.R.S. § 12-341.01 and all other applicable statutory and legal authority;

e.  For Ms. Gayan-Esones' taxable costs pursuant to A.R.S. § 12-341 and all other applicable statutory and legal authority;

f.  For costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

g.  For costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681;

h.  For a declaratory judgment that the defendants violated the FDCPA and the FCRA;

i.  For an order enjoining the defendants from further violations of the FDCPA and the FCRA, and enjoining the defendants from the collection of time barred and/or stale debt;

j.  For Ms. Gayan-Esones' non-taxable costs;

k.  For Ms. Gayan-Esones' expert witness fees;

l.  For exemplary damages in an amount to be proven at trial;

m.  For an order directing payment to Ms. Gayan-Esones of the above-referenced bond(s);

n.  For such further relief as the court deems just and proper in the circumstances.

Respectfully submitted this 1st day of July 2014.

SMITH PAKNEJAD, PLC

By: /s/ Gary Michael Smith
Gary Michael Smith, Esq.
Attorney for Ms. Gayan-Esones'

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529

VERIFICATION OF KRISTINE GAYAN-ESONES

KRISTINE GAYAN-ESONES declares that she is the above-named plaintiff; that she has read the foregoing complaint, and knows the contents thereof; that the same is true of her own knowledge, except as to such matters as are therein stated upon information and belief, and as to said last-mentioned matters she believes them to be true.

Pursuant to A.R.Civ.P. Rule 80(i), I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of July 2014.


_____
Kristine Gayan-Esones

## VERIFICATION OF KRISTINE GAYAN-ESONES

KRISTINE GAYAN-ESONES declares that she is the above-named plaintiff; that she has read the foregoing complaint, and knows the contents thereof; that the same is true of her own knowledge, except as to such matters as are therein stated upon information and belief, and as to said last-mentioned matters she believes them to be true.

Pursuant to A.R.Civ.P. Rule 80(i), I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30ᵗʰ day of June 2014.

_____
Kristine Gayan-Esones

11333 North Scottsdale Road
Suite 200
Scottsdale, Arizona 85254
(480) 428-0529